IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

MARYANN GIANELLI

vs. C.A. No. MISC 05-174ML

EDWIN QUINN, DAVID PIERCE, TRUSTEE, COACH LANE TRUST OF WAKEFIELD, CIRCLE INCORPORATED, EDWARD FITZSIMMONS, INDIVIDUALLY, MARK COLANGELO AND THE CANINE ENTERTAINMENT CORPORATION

Statement of Counsel by Attorney John F. Kehoe regarding the proposed deposition of **ARTHUR GIANELLI,** taken on behalf of Defendant Quinn, et al., pursuant to the Federal Rules of Civil Procedure, on December 20, 2005, at the Donald W. Wyatt Detention Center, 950 High Street, Central Falls, Rhode Island, before Alesha M. Cerrito, Notary Public, convening at 11:38 a.m.

APPEARANCES:

Law Offices of Richard Egbert
BY: RICHARD M. EGBERT, ESQUIRE
Counsel for Plaintiff

COPY

Kehoe & Crosson, P.C.
BY: JOHN F. KEHOE, ESQUIRE
Counsel for Defendant Quinn, et al.

Finan & Grourke
BY: EDWARD F. GROURKE, ESQUIRE
Local Counsel for Defendant Quinn, et al.

REPORTING ASSOCIATES
Shorthand Reporters
10 Dorrance Street, Suite 617
Providence, Rhode Island 02903
(401) 351-1660

MR. KEHOE: Present are Richard Egbert, who represents Mr. Arthur Gianelli, proposed deponent. Service of process was only made on Mr. Gianelli yesterday through inadvertence of the sheriff's office, as far as we can figure out.

Mr. Egbert takes a position that it's unfair for Mr. Gianelli to go forward with this deposition today. He's only here by coincidence, he tells us.

Therefore, Mr. Egbert, who is present, and I, John Kehoe, Civil Counsel in Essex Superior Court Department Civil Action No. 032332 and my Local Rhode Island Counsel, Ted Grourke, and Mr. Egbert agree that we will -- agree hereby, on the record, that the deposition of Mr. Gianelli will take place here on January 11th, 2006, barring reasonable scheduling difficulties of Counsel.

It's understood by all present that there is presently a discovery cutoff in the case that I've described on January 31st, 2006. So all counsel have agreed that for good reason or good cause, the deposition can't go forward on the date that we've agreed on, which is January 11th, that all counsel agree we will make a re-effort to get the deposition done timely in January before the

cutoff.

And I would ask Mr. Egbert that he agreed that he will not -- he will agree -- he will not make objection to my extending the cutoff if we can't get the deposition done timely.

MR. EGBERT: I don't have any standing --

MR. KEHOE: Well, you have standing as of his attorney with regard to this deposition.

MR. EGBERT: -- but I have no intention to do that.

MR. KEHOE: Anything else you want to put on the record, Mr. Egbert?

MR. EGBERT: No. Do you want to pick a time?

MR. KEHOE: I think the same time, 11:00 in the morning on January 11th, 2006.

MR. EGBERT: Okay.

(STATEMENT OF COUNSEL ADJOURNED AT 11:40 A.M.)

* * * * * * * * * * * * * * * * * * * * * * * * *

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, Sc.

I do hereby certify that I am expressly approved as a person qualified and authorized to take depositions pursuant to the Rules of Civil Procedure of this Court, especially, but without restriction thereto, under Rule 30 (e) of said Rules; that I appeared at the Donald W. Wyatt Detention Center, on December 29, 2005, to report the proposed deposition of Arthur Gianelli; that the transcript contains a true recording of the proceedings.

IN WITNESS WHEREOF I have hereunto set my hand this 29th day of December, 2005.

Alesha M. Cerrito

ALESHA M. CERRITO
SHORTHAND REPORTER